**E-FILED**
Monday, 08 August, 2005  04:08:42 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 00-CR-20051** |
| | ) | |
| **DENNIS COLES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

This matter is before the court on a limited remand from the United States Court of Appeals for the Seventh Circuit to determine whether this court would, if required to resentence, impose Defendant Coles' original sentence.  See United States v. Paladino, 401 F.3d 471, 484 (7th Cir. 2005). Pursuant to the Seventh Circuit's decision in Paladino, this court ordered the parties to submit their positions on the issue of Defendant's sentence in light of the decision of the United States Supreme Court in United States v. Booker, ____ U.S. ____, 125 S. Ct. 738 (2005).  After obtaining the views of the parties, this court must now "place on the record a decision not to resentence, with an appropriate explanation," or advise the Seventh Circuit of this court's desire to resentence the defendant.  Paladino, 401 F.3d at 484.

### FACTS

The record in this case shows that Defendant was indicted on September 8, 2000, and was charged with one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g).  On July 23, 2002, following a jury trial, Defendant was found guilty of the crime charged.

According to the Presentence Investigation Report (PSR), Defendant's base offense level was 24.  This base offense level was increased by three levels because the offense involved between 8 and 24 firearms (12 firearms).  The base offense level was also increased by two levels because Defendant was an organizer, leader or manager when he directed his girlfriend, Sabrina Hall, to obtain the

firearms.  In addition, Defendant received another two-level adjustment for obstruction of justice because he testified falsely at trial.  Based upon Defendant's prior convictions, he was found to be an Armed Career Criminal under 18 U.S.C. § 924(e).  Because of his status as an Armed Career Criminal, Defendant's final adjusted offense level was 33.  Defendant was determined to have a criminal history category of VI.  Therefore, Defendant faced a Guidelines sentencing range of 235 to 293 months.

A sentencing hearing was held on February 14, 2003.  This court sentenced Defendant to a term of 293 months' imprisonment in the Federal Bureau of Prisons (BOP).  This court also sentenced Defendant to five years' supervised release and further ordered Defendant to pay a $100 special assessment.  Defendant filed a timely Notice of Appeal.

On appeal, defense counsel sought to withdraw under Anders v. California, 386 U.S. 738 (1967) because he was unable to find a nonfrivolous issue for appeal.  On May 3, 2004, the Seventh Circuit entered an unpublished order.  United States v. Coles, Case No. 03-1451.  The Seventh Circuit concluded that all of the potential issues identified by defense counsel were frivolous.  The Seventh Circuit therefore granted counsel's motion to withdraw and dismissed Defendant's appeal.  Defendant moved for a rehearing of his appeal en banc, then requested and received permission to file a supplemental brief on two occasions.  Thus, Defendant's motion for a rehearing, and his direct appeal, were still pending when the Supreme Court decided Booker on January 12, 2005.  On May 19, 2005, the Seventh Circuit retained jurisdiction of the appeal and ordered a limited remand pursuant to Paladino.

Since the limited remand Order, this court has received a letter from Defendant (#171) with various attachments including numerous certificates he earned while in the BOP and documentation showing that he has diligently performed his work duties while at the BOP.  This court also received a letter from Defendant's daughter (#174).  On July 29, 2005, this court received the Government's Position on Previously Imposed Sentence (#183).  On August 1, 2005, this court received Defendant's

pro se Position Statement on Previously Imposed Sentence (#184), and, on August 2, 2005, Defendant's appointed counsel filed a Position Statement on Previously Imposed Sentence (#185). This court has considered all of the documents filed.

ANALYSIS

The Government argues that the 293-month sentence imposed in this case was appropriate and reasonable. The Government contends that the nature and circumstances of the offense, and the history and characteristics of Defendant, support a sentence of 293 months. The Government further states that the sentence imposed reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and has protected the public from further crimes by Defendant. The Government noted that, under Booker, the Guidelines are not thrown out the window; the court is still required to consider the guidelines in imposing sentence.

Defense counsel notes that, following Booker, this court is no longer bound by the guidelines and can look to the factors set out in 18 U.S.C. § 3553. Defense counsel contends that a lower sentence should be imposed in this case because the firearms offense involved here was not one of the more serious offenses involving a firearm, as no one was injured or killed as a result of the offense. Defense counsel also argues that not all of Defendant's prior convictions were for serious crimes and that the guideline range for his offense was unreasonably high, considering the facts of the case and the 15-year statutory minimum for the offense. Defense counsel noted that the minimum guideline range sentence was four and one-half years above the statutory minimum.

Defendant, in his pro se filing, argues that this court must resentence him because: (1) the remedial portion of the Booker decision violates the ex post facto clause of the constitution, meaning that his sentence can only be based upon facts found by the jury; and (2) his sentence cannot properly be based upon a finding that he is an armed career criminal because this enhancement was not charged by indictment and was not submitted to the jury to be proven beyond a reasonable doubt.

This court has considered the arguments of counsel, Defendant's arguments, the letters

submitted, the advisory sentencing guidelines, the reasons for the original sentence, and the factors set forth in 18 U.S.C. § 3553(a). This court first notes that the arguments raised by Defendant in his pro se Position Statement are without merit. The Seventh Circuit recently considered the argument that "the application of the remedial holding of <u>Booker</u>, rendering the Guidelines advisory, violates the ex post facto clause of the Constitution by exposing [the defendant] to a longer maximum sentence." <u>United States v. Jamison</u>, ___ F.3d ___, 2005 WL 1683961, at *1 (7th Cir. 2005). The Seventh Circuit rejected this ex post facto claim, noting that the defendant knew he was committing a crime at the time the offense was committed and that the "new judicial interpretation of the law brought about by <u>Booker</u> affects his punishment, not whether his conduct was innocent." <u>Jamison</u>, 2005 WL 1683961, at *1-2. Defendant's ex post facto argument therefore must be rejected as well. This court also concludes that there is no merit to Defendant's argument that the finding that he was an armed career criminal was unconstitutional in this case. This court notes that findings of prior convictions are not within the scope of <u>Booker</u>'s rule. <u>See</u> <u>United States v. Pittman</u>, 411 F.3d 813, 815 (7th Cir. 2005).

This court further concludes that, based upon Defendant's criminal history and the nature of the offense, had this court known that the guidelines were advisory, it would have imposed the same sentence. This court notes that it imposed the maximum guidelines sentence in this case. In imposing this sentence, this court considered the number of firearms involved in the offense and the evidence which showed that Defendant was an organizer, leader or manager because he directed Sabrina Hall to obtain the firearms. This court also considered the fact that Defendant testified falsely both at the hearing on Defendant's Motion to Suppress and at trial, resulting in obstruction of justice. This court still believes that the sentence imposed was warranted under the facts of this case, considering all of the factors set out in 18 U.S.C. § 3553(a). This court would, therefore, adhere to its original sentence in this case.

For these reasons, this court advises the United States Court of Appeals for the Seventh Circuit

that it would have imposed the same sentence on Defendant even if it was aware that the sentencing

guidelines were merely advisory.  The clerk is directed to transmit this Order to the Seventh Circuit

Court of Appeals.

ENTERED this 8th day of August, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE