UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 00-CR-20051 |
| DENNIS COLES, | ) |
| Defendant. | ) |

**OPINION**

On August 6, 2013, Defendant, Dennis Coles, filed a pro se Petition for Relief Regarding Actual Innocence (#199). In his pro se Petition, Defendant is not claiming to be actually innocent of the offense for which he was convicted following a jury trial. Instead, he claims "actual innocence" regarding a prior conviction which was used at sentencing in determining that he was an Armed Career Criminal. Because Defendant's latest request for relief can only be considered a Motion under 28 U.S.C. § 2255, this court must dismiss it for lack of jurisdiction.

ANALYSIS

Defendant has filed numerous motions for relief from his conviction and sentence, including motions under 28 U.S.C. § 2255, none of which have been successful. *See* Case No. 07-CV-2098; Case No. 12-CV-2219. In his current pro se Petition before this court, Defendant is again seeking recalculation and reduction of his sentence. This court concludes that this is relief which can only be sought under 28 U.S.C. § 2255. The label Defendant has used on his Petition "is immaterial; it is the substance of the petitioner's motion that controls

how his request for relief shall be treated." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). "[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." *Carraway*, 478 F.3d at 848. The statute's opening paragraph permits a federal prisoner to file a motion to have his sentence vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also Carraway*, 478 F.3d at 848-49.

Defendant's pro se Petition for Relief Regarding Actual Innocence (#199), concerning his classification as an Armed Career Criminal, seeks to alter or vacate his original sentence, and therefore this court construes it as a request for relief under § 2255. Understood as a request for relief under § 2255, Defendant's Petition "is subject to the requirement that second or successive motions under this statute must be authorized by the court of appeals." *See Carraway*, 478 F.3d at 849. Section 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Accordingly, a district court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A); *Carraway*, 478 F.3d at 849; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.

1996). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez*, 96 F.3d at 991 (emphasis in original).

In this case, the Seventh Circuit has not authorized the filing of a second or successive motion pursuant to § 2255. Consequently, this court is without jurisdiction to entertain Defendant's pro se Petition and it must be dismissed. *See Nunez*, 96 F.3d at 991.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether Defendant's pro se Petition states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over Defendant's Petition because it is a second or successive motion pursuant to § 2255.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Petition (#199) is dismissed for lack of jurisdiction.

(2) A certificate of appealability is DENIED.

ENTERED this 7th day of August, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE